

**IT IS ORDERED as set forth below:**

**Date: May 16, 2023**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 11-40012-pwb |
| | : | |
| MYRA RICHARDS CAMESE, | : | |
|                       Debtor. | : | Chapter 13 |
| | : | |

## ORDER ON APPLICATION FOR UNCLAIMED
## FUNDS OF FEDERAL NATIONAL MORTAGE ASSOCIATION
## AND NOTICE TO DEBTOR AND CHAPTER 13 TRUSTEE OF TIME
## TO ASSERT ANY POTENTIAL INTEREST IN THE FUNDS

Because Federal National Mortgage Association ("FNMA") did not claim distributions in the amount of $ 3,676.80 that the Trustee in this chapter 13 case made on account, apparently, of proof of claim No. 8-2,[1] the Trustee paid the funds into the registry of the Court pursuant to 11 U.S.C. § 347(a). Proof of Claim No. 8-2 names FNMA as the creditor and states that notices should be sent to Seterus, Inc.

Nationstar Mortgage LLC ("Applicant") requests disbursement of the unclaimed funds to

---

[1] The Court notes that the Chapter 13 Trustee's notice with regard to deposit of these funds named the creditor as "Federal National Mortgage Assoc./Citimortgage." [52]. The Court has not been able to find any connection between Citimortgage and the subject claim or this case in the claims register.

it in a Petition for Unclaimed Funds [65], exhibits in support of the Petition [66], and a second Petition for Unclaimed Funds [67], collectively referred to as the "Application."

Nationstar previously filed an application for these funds. [60]. The Court entered an Order on the first application [61] that concluded that Nationstar is the successor by merger to Seterus, Inc. and that treated Applicant as the servicer for FNMA. Accordingly, Nationstar, as the servicer for FNMA, is entitled to seek the funds on FNMA's behalf.

The previous Order then explained why the Court could not authorize disbursement of the unclaimed funds to Nationstar and provided Nationstar an opportunity to provide further information with regard to a number of questions the court raised. The previous Order also noted that the Debtor or the Chapter 13 Trustee may be entitled to the unclaimed funds rather than Nationstar and provided them the opportunity to assert their claims to the money. A copy of the previous Order is attached.

Because no one responded to the previous Order, the Court denied Nationstar's previous application, without prejudice. [63].

The current Application provides none of the information the Court's Order directed Nationstar to provide to support disbursement of the unclaimed funds to it. The Debtor or the Chapter 13 Trustee may still be entitled to the unclaimed funds.

The Court will again provide Nationstar the opportunity to amend the Application to provide necessary information and will again provide the Debtor and the Chapter 13 Trustee the opportunity to assert any claims they have to the unclaimed funds.

Based on, and in accordance with, the foregoing, it is hereby **ORDERED, and NOTICE IS HEREBY GIVEN,** as follows:

1. The Court cannot grant the Petition and Application without further information.

2

2. Nationstar may amend its Application on or before July 25, 2023, to provide further information about its present entitlement to the funds, including the information discussed in the previous Order. Nationstar must serve any amendment on the Debtor, the Debtor's counsel, and the Chapter 13 Trustee.

3. The Debtor or the Chapter 13 Trustee may assert any interest in or claim to the unclaimed funds by filing a response to this Order, and the Debtor may file an application for disbursement of the unclaimed funds to the Debtor, on or before July 25, 2023. Any response must be served on Nationstar.

4. Nationstar must reply to any response or application filed and served by the Debtor or the Chapter 13 Trustee within 30 days after its service. If Nationstar does not timely reply to any such response or application, the Court may deny Nationstar's Application and grant the relief that either the Debtor or any other party requests without further notice and without a hearing.

5. In the absence of a timely amendment to the Application or a timely response or application by the Debtor or the Chapter 13 Trustee, the Application will be denied, without prejudice.

6. At the expiration of the times set forth above, the Court will determine the issues. To the extent that any issues raised by the papers filed by any of the parties require a hearing, the Court will schedule a hearing and provide notice to the parties who have asserted claims to the unclaimed funds.

The Clerk is directed to mail copies of this Order to the persons on the attached Distribution List.

**This Order has not been prepared for publication and is not intended for publication.**

**[End of Order]**

## DISTRIBUTION LIST

Francine Miller[2]
Nationstar Mortgage LLC d/b/a Mr. Cooper
P.O. Box 619096
Dallas, TX 75261

Brandi R. Lesesne[3]
Johnson & Freedman, LLC
1587 Northeast Expressway
Atlanta, GA 30329
Attorney for Seterus, Inc., Servicer for FNMA

Federal National Mortgage Association
c/o Seterus, Inc.
P.O. Box 4128
Beaverton, OR 97076[4]

Andrew Goldberg[5]
Federal National Mortgage Association
51 East Bethpage Road
Plainview, NY 11803

Maria Tsagaris[6]
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA  30076

John Brookhuis[7]
King & King, P.C.
215 Pryor Street, SW
Atlanta, GA 30303-3748

Karen King[8]
King & King Law LLC
215 Pryor Street
Atlanta, GA 30303-3748

Edwin K. Safir[9]
Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303

Myra Richards Camese
51 Sedgefield Cv
Dallas, GA 30157

Office of the United States Trustee
362 Russell Building
75 Ted Turner Dr., S.W.
Atlanta, GA  30303

---

[2] Name and address on Application [60]
[3] Attorney representing Seterus, Inc., as Servicer for FNMA, in connection with Consent Order on motion for relief from stay [44]
[4] Name of Claimant and address for notices on Claim No. 8-2.
[5] Name and address of person who signed Claim No. 8-2.
[6] Attorney who signed certificate of service of previous Application [60-3].
[7] Attorney for Debtor
[8] Attorney for Debtor
[9] Chapter 13 Trustee who was assigned cases in which Mary Ida Townson served as Chapter 13 Trustee upon her resignation.

4

# ORDER ON APPLICATION FOR UNCLAIMED FUNDS OF FEDERAL NATIONAL MORTAGE ASSOCIATION AND NOTICE TO DEBTOR AND CHAPTER 13 OF TIME TO ASSERT ANY POTENTIAL INTEREST IN THE FUNDS

*In re* **Myra Richards Camese**
**Case No. 11-40012, ECF Docket No. 61**
**September 9, 2020**

**IT IS ORDERED as set forth below:**



Date: September 9, 2020

_____
Paul W. Bonapfel
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 11-40012-pwb |
| | : | |
| MYRA RICHARDS CAMESE, | : | |
| Debtor. | : | Chapter 13 |
| | : | |

**ORDER ON APPLICATION FOR UNCLAIMED
FUNDS OF FEDERAL NATIONAL MORTGAGE ASSOCIATION
AND NOTICE TO DEBTOR AND CHAPTER 13 OF TIME
TO ASSERT ANY POTENTIAL INTEREST IN THE FUNDS**

Because Federal National Mortgage Association ("FNMA") did not claim distributions in the amount of $ 3,676.80 that the Trustee in this chapter 13 case made on account, apparently, of proof of claim No. 8-2,[1] the Trustee paid the funds into the registry of the Court pursuant to 11 U.S.C. § 347(a). Proof of Claim No. 8-2 names FNMA as the creditor and states that notices should be sent to Seterus, Inc.

Nationstar Mortgage LLC d/b/a Mr. Cooper ("Applicant") has filed an Application for

---

[1] The Court notes that the Chapter 13 Trustee's notice with regard to deposit of these funds named the creditor as "Federal National Mortgage Assoc./Citimortgage." [52]. The Court has not been able to find any connection between Citimortgage and the subject claim or this case in the claims register.

disbursement of the unclaimed funds to it. [60]. The Application does not explain why Applicant is entitled to unclaimed funds payable to FNMA. The Court figured out the connection by examining an attachment to the Application, which is a copy of a Certificate of Merger showing that Seterus, Inc., was merged into Applicant. [60-1]. Accordingly, the Court treats Applicant as the servicer for FNMA. As the servicer, Applicant is entitled to seek the funds on FNMA's behalf.

Section 347(a) provides for the disposition of unclaimed funds paid into the Court's registry under chapter 129 of title 28 of the United States Code. The applicable provisions of chapter 129 direct the Court to disburse unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. A creditor to whom a distribution in a bankruptcy case is payable retains a property interest in such funds. *See Leider v. United States*, 301 F.3d 1290, 1296 (Fed. Cir. 2002). Under statutory requirements and due process principles, the Court has the duty to protect the original claimant's property interest by making sure that unclaimed funds are disbursed to their true owner. Because an application for unclaimed funds is typically considered *ex parte*, the Court must insist on exact compliance with legal requirements before authorizing the disbursement of unclaimed funds to an applicant. *In re Applications for Unclaimed Funds,* 341 B.R. 65 (Bankr. N.D. Ga. 2005).

A creditor applying for unclaimed funds must affirmatively show that it has a "present entitlement to the unclaimed funds sought." *In re Acker,* 275 B.R. 143, 145 (Bankr. D.D.C. 2002). *Accord, In re Scott,* 346 B.R. 557 (Bankr. N.D. Ga. 2006). A creditor does not have the required present entitlement if its claim has been paid, if there is no enforceable claim after foreclosure of its collateral, or if the debtor has brought the obligation current such that no payment is currently due. Thus, an applicant seeking unclaimed funds due to distributions that

were made on account of a secured claim must show that the debt has not been satisfied (through payment or foreclosure) and that an amount is currently due and payable to which the unclaimed funds may lawfully be applied.

The subject claim is for amounts due on a debt secured by a deed to secure debt on the debtor's residence. The Debtor's plan provided for the claim under 11 U.S.C.§ 1322(b)(5), which contemplates the cure of prepetition defaults through payments under the plan and the continuation of regular installment payments.

The Court's record reflects that the Chapter 13 Trustee paid the unclaimed funds into the registry of the Court on September 23, 2014. [52]. Four days earlier, the Trustee filed a "Notice of Final Cure Payment," which stated that the amount required to cure defaults had been paid. [51]. On October 10, 2014, FNMA c/o Seterus, Inc., filed a Response stating that it agreed that the Debtor had paid the amount required to cure defaults, that the Debtor was current with all postpetition payments, and that the next installment payment was due on November 11, 2014. The Response further stated that the Debtor had a surplus escrow balance of $ 4,450.69. (Response filed on Claims Register under Claim No. 8, Doc. Filed Oct. 10, 2014).

The Court does not understand how Applicant is currently entitled to the unclaimed funds. FNMA did not receive the money, but it nevertheless reported that the Debtor had made all payments to cure defaults and was current on postpetition payments after the Chapter 13 Trustee paid them into the Court's registry.

Further, the Court notes that, although FNMA's original proof of claim stated an arrearage claim of $ 17, 479.37 (Claim No. 8-1), the loan was modified with a modified principal balance to include "all amounts and arrearages that will be past due as of the Modification Effective Date" of June 1, 2011. (Home Affordable Modification Agreement, ¶ 3, Claim No.

3

8-2, Part 2).  FNMA's amended proof of claim, No 8-2, filed April 13, 2012, shows no arrearage due.  If the Chapter 13 Trustee made the disbursements giving rise to the unclaimed funds before the loan modification occurred, the Court does not understand how Applicant is now entitled to them, because the modified principal balance included them.

The Court is also concerned that the Chapter 13 Trustee final report, as amended, shows payment of mortgage arrearage of only $ 992.93.  [59].  The Court does not understand how the trustee's final report accounts for the unclaimed funds of $ 3,676.80, which apparently were disbursed originally to pay a mortgage arrearage.  In addition, the Chapter 13 Trustee's notice of the deposit of the unclaimed funds identified the creditor as "Federal National Mortgage Assoc./Citimortgage."  [52].  The Court has not found any connection between FNMA and Citimortgage or, indeed, between Citimortgage and the claims in this case.  These discrepancies raise the question as to whether the unclaimed funds were disbursed on some other claim.

In any event, the Application fails to show affirmatively that Applicant has a "present entitlement to the unclaimed funds sought." *In re Acker,* 275 B.R. 143, 145 (Bankr. D.D.C. 2002). *Accord, In re Scott,* 346 B.R. 557 (Bankr. N.D. Ga. 2006).

The Application does not show that the debt still exists.  This case was closed on November 26, 2014.  In the almost six years since that time, FNMA could have foreclosed, or the Debtor could have paid the claim through refinancing or sale of the property.  Any such event could have resulted in satisfaction of the debt without reduction to account for these funds.  If so, FNMA would have no debt to which to apply the funds.

If no such event has occurred, it is possible that FNMA collected the arrearage after the conclusion of this case.  If so, and if the Debtor is thus current, FNMA again has no present entitlement to the funds.

4

FNMA's present entitlement to the unclaimed funds depends on all of the following: (1) an arrearage actually existed at the conclusion of this case almost six years ago; (2) FNMA has not collected the arrearage in some fashion since then; and (3) FNMA's debt has not been satisfied through foreclosure or payment by the Debtor upon refinancing or sale of the collateral. FNMA is presumably in a position to provide all of this information, and it must do so to demonstrate its present entitlement to the unclaimed funds.

If FNMA does not have a present entitlement to the funds, then it may be that the Debtor (or perhaps the Chapter 13 trustee) has the right to them. The Court will provide an opportunity for both of them to assert whatever rights they have.

Based on, and in accordance with, the foregoing, it is hereby **ORDERED, and NOTICE IS HEREBY GIVEN,** as follows:

1. The Court cannot grant the Application without further information.

2. Applicant may amend its Application within 60 days from the date of entry of this Order to provide further information about its present entitlement to the funds. Applicant must serve any amendment on the Debtor, the Debtor's counsel, and the Chapter 13 Trustee.

3. The Debtor or the Chapter 13 Trustee may assert any interest in the unclaimed funds by filing a response to this Order and to the Application within 60 days from the date of entry of this Order. Any response must be served on the Applicant.

4. Applicant must reply to any response filed and served by the Debtor or the Chapter 13 Trustee within 30 days after its service. If Applicant does not timely reply to any such response, the Court may deny Applicant's Application and grant the relief that either the Debtor or the Chapter 13 Trustee requests without further notice and without a hearing.

5. In the absence of a timely amendment to the Application or a timely response to the

Application by the Debtor or the Chapter 13 Trustee, the Application will be denied, without prejudice.

The Clerk is directed to mail copies of this Order to the persons on the attached Distribution List.

**This Order has not been prepared for publication and is not intended for publication.**

[End of Order]

### DISTRIBUTION LIST

Francine Miller[2]
Nationstar Mortgage LLC d/b/a Mr. Cooper
P.O. Box 619096
Dallas, TX 75261

Brandi R. Lesesne[3]
Johnson & Freedman, LLC
1587 Northeast Expressway
Atlanta, GA 30329
Attorney for Seterus, Inc., Servicer for FNMA

Federal National Mortgage Association
c/o Seterus, Inc.
P.O. Box 4128
Beaverton, OR 97076[4]

Andrew Goldberg[5]
Federal National Mortgage Association
51 East Bethpage Road
Plainview, NY 11803

Maria Tsagaris[6]
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076

John Brookhuis[7]
King & King, P.C.
215 Pryor Street, SW
Atlanta, GA 30303-3748

Karen King[8]
King & King Law LLC
215 Pryor Street
Atlanta, GA 30303-3748

Mary Ida Townson[9]
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303

Myra Richards Camese
51 Sedgefield Cv
Dallas, GA 30157

---

[2] Name and address on Application [60].
[3] Attorney representing Seterus, Inc., as Servicer for FNMA, in connection with Consent Order on motion for relief from stay [44].
[4] Name of Claimant and address for notices on Claim No. 8-2.
[5] Name and address of person who signed Claim No. 8-2.
[6] Attorney who signed certificate of service of Application
[7] Attorney for Debtor
[8] Attorney for Debtor
[9] Chapter 13 Trustee